F.  MICHAEL DAILY, JR., LLC
ATTORNEY AT LAW
216 Haddon Avenue - Sentry Office Plaza, Suite 106
Westmont, NJ 08108
Telephone No.  (856) 833-0006
Fax No.  (856) 833-1083
Attorney(s) for the plaintiff
File #F-2126-08

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

RONALD WOOD AND ALICE WOOD     :

                Plaintiffs,:               CASE NO

           vs.            :

                         Civil Action

THE  BOROUGH  OF  LAWNSIDE,:
MENGSTE THOMAS EL AND JOHN DOE
PUBLIC  OFFICIALS  #1-#25:
(fictitious  persons  whose
identities  cannot  be:      COMPLAINT
determined  at  the  present
time).               :
           Defendant,

---

Plaintiffs, Ronald and Alice Wood, by way of Complaint against the Defendants say:

**PARTIES, JURISDICTION AND VENUE**

1.    Ronald  and  Alice  Wood,  husband  and  wife,  are individuals residing at 278 Eleanor Terrace, Township of Cherry Hill, Camden County, New Jersey.

2.    At all times relevant to this complaint, the plaintiffs were  the  owners  of  certain  real  property  located  at  15  Emlen Avenue, Lawnside, New Jersey, at which location the plaintiffs

operated a business.

3.    The defendant, Borough of Lawnside, is a public entity created under the laws of the State of New Jersey.

4.    The defendant, Mengste Thomas El is an individual and public official who at all times relevant to this complaint was employed by the defendant, Borough of Lawnside, in the title of Construction Code Official.

5.    Defendants, John Does Public Officials #1-#25 are public officials and employees of the Borough of Lawnside, who plaintiffs' believe, that after an opportunity for reasonable discovery and investigation, will be identified as public officials that directed, ratified, approved and otherwise participated in the actions of defendant, Mengste Thomas El, which are set forth hereafter.

6.    The plaintiffs bring the present action under 42 U.S.C. §1983 asserting that the defendants violated their rights to Freedom of Speech as protected by the First Amendment of the Constitution of the United States.

7.    Pursuant to 28 U.S.C. §1343 this Court has original jurisdiction to hear the aforesaid civil rights claims of the plaintiffs.

8.    In addition to the foregoing, the plaintiffs in this action assert that their rights to free speech have been impaired by the defendants in violation of  the Free Speech Clause of the Constitution of the State of New Jersey and that they are therefore

entitled to bring this action pursuant to the New Jersey Civil Act, N.J.S.A. 10:6-2.

9. Pursuant to 28 U.S.C.§1367 this court has supplemental jurisdiction to hear and adjudicate the aforesaid state law claims of the plaintiffs in that such claims arise out of the same facts and transactions as the plaintiffs' federal claims.

10. Venue is appropriate in this Court in that this is the district in which the parties reside and in which the actions at issue transpired.

## FACTUAL ALLEGATIONS

1. In June of 2006, the plaintiffs in connection with an upcoming election in the Borough of Lawnside, constructed and erected upon their business property a large banner.

2. The banner read "Lawnside Needs New Leadership. 20 Years Is Enough."

3. The aforesaid statement written upon the banner constituted pure political speech.

4. On June 29, 2006, the defendant Mengste Thomas El in his capacity as Construction Code Official of the defendant, Borough of Lawnside, sent the plaintiffs formal written notification threatening them with quasi criminal prosecution unless they removed the banner within five days.

5. In order to avoid prosecution the plaintiffs removed the banner.

6. Prior to the plaintiffs being threatened with

prosecution, plaintiff, Alice Wood, had been actively involved in a organization that was opposing redevelopment plans in the Borough of Lawnside.

7.    Alice Wood's participation in such political organization was a motivating factor in the issuance of the letter threatening prosecuting for the display of the aforesaid banner.

8.    The aforesaid threat of prosecution was action that on an objective basis would have caused a reasonable person of ordinary firmness to relinquish their rights to Freedom of Speech.

9.    Defendant, Mengste Thomas El, as a reasonable public official should have known that his actions in threatening the plaintiffs with prosecution were contrary to clearly established law.

10.    The aforesaid threats of prosecution made by defendant, Mengste Thomas El, constituted state action.

11.    The aforesaid threats of prosecution made by defendant, Mengste Thomas El, were based upon ordinances which were unconstitutional on their face, in that such ordinances lacked appropriate standards for governing official conduct.

12.    In addition the foregoing ordinances were selectively enforced by defendant Mengste Thomas El for the purpose of suppressing the view point of the plaintiff. The plaintiffs assert upon information and belief that after an opportunity for reasonable investigation and discovery, they will be able to obtain evidence that the actions of defendant, Mengste Thomas El, were

directed and/or reviewed and/or notified by John Doe Public Officials #1-#25 and that such individual defendants gave approval for the actions of defendant, Mengste Thomas El.

13. The aforesaid actions of defendant, Mengste Thomas El, were pursuant to a established custom and practice of the Borough of Lawnside, which custom and practice had the objective of stifling political opposition to the existing public officials.

14. On May 22, 2008, a jury in the matter of Citizens for a Better Lawnside, Inc. v. Borough of Lawnside, Civil Action No.05-4286 entered a verdict finding that the aforesaid actions of the defendants violated the constitutional rights of plaintiff, Alice Wood.

15. On May 28, 2008, the aforesaid verdict finding was entered as a declaratory judgment, declaring that the defendant, Borough of Lawnside, had violated the constitutional rights of Alice Wood by demanding the removal of the aforesaid banner.

16. Although the plaintiffs were not parties to the aforesaid action, the defendants herein are collaterally estopped to challenge the aforesaid finding that the plaintiffs' constitutional rights were violated.

17. The aforesaid actions of the defendants were done willfully and intentionally and were especially egregious.

18. As a result of the foregoing actions of the defendants the plaintiffs suffered emotional distress, anguish, annoyance and mental and emotional discomfort.

19.   Because the banner of the plaintiffs constituted a political message directed at voters, the plaintiffs are entitled to presumed damages.

20.   In the event the plaintiffs are not entitled to compensatory damages, they are entitled to nominal damages.

21.   Because of the nature of the actions of the individual defendants, the plaintiffs are entitled to punitive damages against the public official defendants, for violations of their First Amendment Rights.

22.   Because of the especially egregious nature of the actions of all of the defendants, including the Borough of Lawnside, the plaintiffs are entitled under the New Jersey Civil Rights Act to punitive damages against all of the defendant including the Borough of Lawnside.

## **FIRST COUNT**

1.   The aforesaid actions of the defendants and such others as may be disclosed in discovery constituted suppression of speech and retaliation for speech in contravention of the provisions of the First Amendment of the Constitution of the United States.

2.   As a result of the defendants violation of the plaintiffs' constitutional rights, the plaintiffs sustained the previously described damages.

3.   Pursuant to 42 U.S.C.§1988 the plaintiffs are entitled to attorneys fees and costs in the event that they are prevailing parties in this matter.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, presumed damages, nominal damages (in the event compensatory damages are not awarded) punitive damages(as to the individuals defendants but not the Borough of Lawnside), attorneys fees, costs, prejudgment interest, interest, costs and such other relief as the court deems equitable and just.

## SECOND COUNT

1.   The aforesaid actions of the defendants along with such others as may be disclosed in discovery violated the plaintiffs' Free Speech Rights under the constitution of the State of New Jersey.

2.   As a result of the aforesaid violation of the plaintiffs' State Constitutional Rights, the plaintiffs sustained the previously described injuries, pursuant to N.J.S.A. 10:6-2, the plaintiffs are entitled to attorneys fees and costs in the event that they prevail on the claims set forth in this count.

WHEREFORE, plaintiffs demand judgment against the defendants for compensatory damages, presumed damages, nominal damages (in the event that they are not awarded compensatory damages) punitive damages, attorneys fees, prejudgment interest, interest, costs and such other relief that the court deems equitable and just.

## JURY DEMAND

Plaintiffs herewith demand a jury trial as to all issues.

F. MICHAEL DAILY, JR., LLC
Attorney for the Plaintiff


s/F. Michael Daily, Jr.
BY:_____
F. Michael Daily, Jr.


June 6, 2008