NOT FOR PUBLICATION                                                                    (Docket No. 11)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____    :
                                        :
RONALD WOOD and ALICE WOOD,             :
                                        :
        Plaintiffs,                    :    Civil No. 08-2914 (RBK/AMD)
                                        :
    v.                                   :    **OPINION**
                                        :
THE BOROUGH OF LAWNSIDE,                :
MENGSTE THOMAS EL, and JOHN DOE         :
PUBLIC OFFICIALS #1-25,                 :
                                        :
        Defendants.                    :
_____    :

**KUGLER**, United States District Judge:

      This matter arises out of an alleged free speech violation by the Defendants the Borough of Lawnside and Mengste Thomas El against Plaintiffs Ronald and Alice Wood.  The Court has previously heard the facts underlying this dispute in Citizens for a Better Lawnside, Inc., et al. v. Bryant, et al., Civ. No. 05-4286 (D.N.J. 2005).  Presently before the Court is the Defendants' motion for summary judgment claiming that this matter is res judicata and that Plantiff Ronald Wood has failed to state a claim.  The Court grants the motion as to Plaintiff Alice Wood finding this matter precluded by the prior suit and denies the motion as to Ronald Wood finding that he was not adequately represented and that he has stated a claim sufficient to survive summary judgment.

I.      BACKGROUND

Plaintiffs Ronald and Alice Wood owned a business in Lawnside, New Jersey. In June 2006, either Ronald or Alice Wood hung a banner from the business that read "Lawnside needs new leadership. 20 years is enough." Def. undisputed facts at ¶ 3 (stating Alice Wood hung the banner); Pl. br. at 1 (stating Ronald Wood hung the banner). Alice Wood was at the time a member of Citizens for a Better Lawnside, Inc. ("CFBL"), a New Jersey Not-for-Profit Corporation comprised of residents and landowners in Lawnside. CFBL was engaged in a lawsuit against the Borough of Lawnside when the banner was hung, <u>Citizens for a Better Lawnside, Inc., et al. v. Bryant, et al.</u>, Civ. No. 05-4286 (D.N.J. 2005) (the "CFBL Suit"), for which Alice Wood had contributed personal funds. Pl. br. at 2. Defendant Borough of Lawnside but not Defendant Mengste Thomas El was a named defendant in that suit.

By letter dated June 29, 2006, Defendant Mengste Thomas El, who was filling in for the Borough's Zoning Officer, sent the Plaintiffs a letter advising them that they were in violation of Lawnside's Borough Code for placing an oversized banner on their property. Plaintiffs removed the banner but brought the letter to the attention of counsel for CFBL. The letter and the circumstances surrounding it where then added to the CFBL Suit via a Third Amended Complaint as a claim for free speech retaliation. <u>See</u> Pl. br. at Ex A, ¶¶45-53. The added claim only addressed potential retaliation against Alice Wood, but the Third Amended Complaint did not add her as a named plaintiff.

Upon motion of the defendants in the CFBL Suit (including the Borough of Lawnside), this Court held that CFBL had standing to pursue Alice Wood's claim as "a representative on Ms. Wood's behalf," but CFBL could only seek declaratory relief rather than monetary damages

2

because it was not directly injured. Citizens for a Better Lawnside, Inc. v. Bryant, Civ. No. 05-4286, 2007 WL 4547496, at *6, *7 (D.N.J. Dec. 18, 2007); Def. br. at Ex. 3, 11, 12. The Court also held that the letter potentially stated a claim for retaliation and permitted the claim to proceed. A jury returned a verdict in the matter on May 22, 2008 finding that the Borough had violated Alice Wood's constitutional rights by sending her the letter.

Plaintiffs filed the two count Complaint in this matter on July 10, 2008 alleging a violation of free speech rights under the United States and New Jersey Constitutions and seeking monetary damages. Defendants filed a motion for summary judgment on January 23, 2009. All parties have filed responsive briefs.

**II.     STANDARD**

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either

3

by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

**III. DISCUSSION**

Defendants chiefly argue that the Plaintiffs' claims are barred by the doctrine of res judicata because of the prior litigation in Citizens for a Better Lawnside, Inc. v. Bryant. Def. br. at 9. Plaintiffs unsurprisingly counter that this suit is not precluded, arguing as to Ronald Wood that he had no connection to the prior case and as to Alice Wood that she was not adequately represented by CFBL. Pl. br. at 4, 7. The Court agrees with the Defendants' preclusion argument as to Alice Wood, but departs company as to Ronald Wood.

Res judicata, or claim preclusion, bars a subsequent suit where there has been "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." Equal Employment Opportunity Comm'n v. United States Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990). Privity under res judicata carries a different meaning than the term carries in other legal contexts. See Richards v. Jefferson County, Alabama, 517 U.S. 793, 798 (1996). For res judicata purposes, privity requires "a prior legal or representative relationship between a party to the prior action and the nonparty against whom estoppel is asserted." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 312 (3d Cir. 2009). Privity therefore exists where the non-party was "'adequately represented by someone with the

4

same interests who [wa]s a party.'" Id. (quoting Taylor v. Sturgell, 128 S. Ct. 2161, 2173-74 (2008)). However, representation is adequate only if, "at a minimum: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the party." Taylor, 128 S. Ct. at 2176. Adequate representation may also sometimes require notice to the nonparty. Id.

Initially the Court notes that the parties do not dispute–nor could they–whether there has been a final judgment on the merits involving the same claim. See Pl. br. at 7 (arguing res judicata does not apply to Alice Wood because she was not adequately represented, but not because the judgment was not final on the merits and involving the same claim). The prior suit ended with a jury verdict and involved in part the exact factual predicate behind Plaintiffs' current claims. The first two elements of res judicata are therefore established.

The issues before the Court then are threefold: 1) whether Mengste Thomas El was a party to the previous action, 2) whether preclusion applies to Alice Wood; and 3) whether preclusion applies to Ronald Wood.

    A.    **Res judicata and Mengste Thomas El**

Whether Defendant Mengste Thomas El was a party to the prior suit, and thus able to invoke res judicata, is easily resolved. Defendants argue that Mengste Thomas El can invoke the preclusive effect of the CFBL Suit because he is in privity with the Borough as a municipal official sued in his official capacity. Def. br. at 11-12. Plaintiffs offer no response to this assertion.

Government officials acting in their official capacity are in privity with the governmental

body for res judicata purposes.  See Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988).  This conclusion is logical since claims against a government official in his official capacity are really claims against the government itself.  Id.  Here, Plaintiffs' claims against Mengste Thomas El arise from his official act of writing the letter.  See Compl. at ¶ 4 ("On June 29, 2006, the defendant Mengste Thomas El *in his capacity as Construction Code Official* . . . sent the plaintiffs formal written notification" (emphasis added)).  At no point do Plaintiffs raise a claim in the Complaint that he was acting in his personal capacity, nor do they attempt to refute his official capacity in their opposition brief.  Thus, the Court holds that there is no genuine issue of material fact as to whether Mengste Thomas El was acting in his official capacity.  Therefore, he is in privity with the Borough of Lawnside and able to raise a res judicata defense.

B.   **Privity of Alice Wood with CFBL**

Given the above, all the elements of res judicata are established save one: whether Alice and/or Ronald Wood are in privity with CFBL.  Because the Court reaches a different conclusion as to Alice's privity and Ronald's privity, the privity of each is addressed separately.

The Defendants argue that res judicata applies to bar Alice Wood's claims because she "could have joined as a plaintiff in the [CFBL Suit]" and because "she permitted CFBL to present her claim as an action for declaratory relief with the clear understanding that she was not entitled to monetary damages."  Def. br. at 12-13.  Ms. Woods counters that although CFBL represented her in the CFBL Suit, it failed to do so with diligence and prudence, and thus she is able to avoid its preclusive effect.  Pl. br. at 7-8.  Ms. Woods also asserts that in any event, the Defendants are barred by the doctrine of judicial estoppel from raising the res judicata defense because they previously argued that CFBL lacked standing to pursue her claim.  Pl. br. at 8-10.

Both of Ms. Wood's arguments fail.

At the outset, the Court notes that Ms. Wood concedes that CFBL was her representative. In her brief she states: "Alice Wood should not be bound by the prior judgment in that the *representative* did not diligently pursue the action on behalf of Alice Wood."  Pl. br. at 7 (emphasis added).  This admission is not without consequence.  Provided CFBL adequately represented her, Ms. Wood is now bound by the CFBL Suit.  See Panza v. Armco Steel Corp., 316 F.2d 69, 70 (3d Cir. 1963) (affirming dismissal under res judicata where plaintiffs in second suit sought "relitigation" of matter previously litigated by plaintiffs' union, "their duly constituted representative"); Diaz v. City of Chicago, 601 F. Supp. 1251, 1254 (N.D. Ill. 1984) (holding claim by individual member of civil rights organization precluded where group itself had previously brought suit claiming civil rights violations, including asserting violations of the plaintiff's rights)[1]; see also 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 4456, at 508 (2002) ("Any member [of a public interest group] who actively participated in the first action should also be barred [from repetitive litigation]").

### 1. Lack of diligence and prudence

Returning to Ms. Wood's substantive arguments, her claim that CFBL did not diligently and prudently represent her is incorrect.  Ms. Wood cites to Restatement (Second) of Judgments § 42(1)(e) and Mohammed v. May Dept. Stores, Co., 273 F. Supp. 2d 534, 537 (D. Del. 2003) as

---

[1] The Court notes that the facts underlying Diaz v. City of Chicago are remarkably similar to the present case.  The plaintiff in Diaz was a member of a civil rights organization, the organization sued for violations of the plaintiff's First and Fourteenth Amendment rights, plaintiff was not a named party, and the case resulted in a jury verdict.  601 F. Supp. at 1252.

authority for her position.  Pl. br. at 7.  Under Restatement (Second) of Judgments § 42(1)(e), "[a] person is not bound by a judgment for or against a party who purports to represent him if . . . [t]he representative failed to prosecute or defend the action with due diligence and reasonable prudence, and the opposing party was on notice of the facts making that failure apparent."  See also Mohammed, 273 F. Supp. 2d at 535 (citing § 42).  In support of this rule, Ms. Wood states that "[the CFBL] needed to name Alice Wood individually, so as to obtain full remedies including damages and its failure to do so establishes a lack of diligence and prudence and the Defendant Borough was fully aware of this."  Pl. br. at 8.

Even if Ms. Wood had shown a lack of diligence and prudence, Ms. Wood's argument must fail because under the Restatement she must show that the Defendants were on notice of the purported imprudent representation.  No genuine issue of material fact exists as to this point.  Ms. Wood's sole support for the Defendants' knowledge is a conclusory allegation in her brief that the Borough was "fully aware" of CFBL's purported imprudence.  Pl. br. at 8.  However, this conclusory statement is neither asserted by Alice Wood in her sworn affidavit nor is it supported by the facts.

Assuming that CFBL should have added Alice Wood as a plaintiff, and assuming that its failure to do so shows a lack of prudence, how were the Defendants to know that the failure to add Ms. Wood was anything other than a tactical decision?  Even this Court noted that "an action for declaratory judgment [was] an appropriate way of vindicating the First Amendment interest at stake . . . ."  Citizens for a Better Lawnside, Inc., 2007 WL 4547496, at *7.  CFBL's purported imprudence is certainly not of the order of CFBL abandoning Ms. Wood's claim altogether where it would have been immediately apparent that her interests were not being prudently

8

pursued. Under these circumstances, Ms. Wood cannot ascribe knowledge to the Defendants on the sole basis of the manner in which CFBL pled the case. Therefore, her claim fails that res judicata does not apply for lack of diligent and prudent representation.

### 2. Judicial estoppel

Ms. Wood's second substantive defense to res judicata, judicial estoppel, is likewise easily defeated. Ms. Wood argues that because the Borough asserted in the CFBL Suit that CFBL lacked standing to pursue Ms. Wood's claim, the Borough cannot now assert that her claims were included in the prior suit. Pl. br. at 8-10. The Defendants counter that judicial estoppel is inapplicable because the Borough lost its standing argument in the prior suit. Def. reply br. at 5.

The doctrine of judicial estoppel prohibits a party from taking a position in a legal proceeding, succeeding in the position, and then later changing to a contrary position. New Hampshire v. Maine, 532 U.S. 742, 749 (2001). Judicial estoppel requires three factors: 1) the party's later position must be "'clearly inconsistent'" with its earlier position, 2) the party must have succeeded in the earlier position, and 3) it must be unfair to the opposing party to permit the inconsistent position. Id. at 750-51. Ms. Wood's judicial estoppel argument fails because the Borough did not succeed in its prior suit in arguing that CFBL lacked standing to pursue Ms. Wood's claim. Even Ms. Wood herself acknowledges this fact. See Pl. br. at 9 ("Except as to claims for declaratory relief [the Defendants] were successful in barring all other claims including the damage claims presented by Mrs. Wood as an individual in the present case."). Thus, judicial estoppel does not bar the Defendants' res judicata defense and all of Ms. Wood's are precluded.

Therefore, the Defendants' summary judgment motion is granted as to Plaintiff Alice Wood.

### C.     Privity of Ronald Wood with CFBL

Notwithstanding the preclusion of Alice Wood's claim, a different result is warranted as to Plaintiff Ronald Wood.  Defendants argue that Mr. Wood's claim is precluded because he is in privity with Alice Wood, an "identity of interest" exists, his claim is "tied inextricably to the claim of Alice Wood," and his claim arose from the same transaction or occurrence.  Def. br. at 15.  Defendants argue that his claim "should have been raised in [the] earlier suit."  Def. br. at 15.  Mr. Wood counters that he was not represented in the prior suit by CFBL and generally he has no connection to the prior suit.  Pl. br. at 4.  The Court agrees with Mr. Wood's position.

Nonparty preclusion is only appropriate in six scenarios:

1) the nonparty agrees to be bound by the determination of issues in an action between others;

2) a substantive legal relationship-i.e. traditional privity-exists that binds the nonparty;

3) the nonparty was "adequately represented by someone with the same interests who [wa]s a party";

4) the nonparty assumes control over the litigation in which the judgment is rendered;

5) the nonparty attempts to bring suit as the designated representative of someone who was a party in the prior litigation; and

6) the nonparty falls under a special statutory scheme that "expressly foreclos[es] successive litigation by nonlitigants."

Nationwide Mut., 571 F.3d at 312-13 (citing Taylor, 128 S. Ct. at 2173-74).  Defendants' argument seemingly invokes, in part at least, a seventh category known as "virtual

representation." Under virtual representation, preclusion is appropriate if "'there is such an identification of interest between the two as to represent the same legal right.'" Id. at 311 (quoting Collins v. E.I. DuPont de Nemours & Co., 34 F.3d 172, 176 (3d Cir. 1994)). The virtual representation category of res judicata was soundly criticized by the Supreme Court in Taylor v. Sturgell, 128 S. Ct. 2161 (2008), and now is definitively rejected in the Third Circuit under Nationwide Mutual Fire Insurance Company v. George V. Hamilton, Inc., 571 F.3d 299, 312 (3d Cir. 2009).[2] Thus, to the extent that Defendants' res judicata defense is based on the "identity of interest" between Alice Wood and Ronald Wood, that defense is foreclosed.

Perhaps the closest sufficient category for the Defendants' res judicata defense is adequate representation–but that basis for res judicata also fails. As noted above, the basic test for adequate representation is if, "at a minimum: (1) the interests of the nonparty and her representative are aligned; and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the party." Taylor, 128 S. Ct. at 2176. Adequate representation does not apply as to Ronald Wood because CFBL was not his representative. At no point do the Defendants allege that Mr. Wood was a member, contributor, or participant with CFBL. The mere fact that his constitutional claim arises out of an incident in which one of its members' rights were violated does not bar his suit.

Moreover, Ronald Wood cannot be said to be in privity with Alice Wood. Even though Alice Wood is Ronald Wood's wife and co-property owner, and even though his claim arises out of the same incident as her claim, the Defendants have not shown that she purported to represent

---

[2] Nationwide Mutual was decided during the pendency of this motion–July 6, 2009. Though the parties did not have occasion to brief the matter, its result was readily predictable and in line with existing precedent in Taylor, thus further briefing is unwarranted.

Mr. Wood's interests in the prior suit. That Alice and Ronald have a connection is insufficient under the six nonparty tests for res judicata. Therefore, Ronald Wood's claims are not barred by res judicata.

### D. Ronald Wood and failure to state a claim

Defendants assert that even if Ronald Wood's claim is not barred by res judicta, it should be dismissed because he has failed to state claim. Def. br. at 15. Defendants argue that he merely "lumps" his claim with that of Alice Wood. Def. br. at 16. Mr. Wood counters that even though the facts concerning his claim are "rather minimal," he has alleged sufficient facts to state a claim. Pl. br. at 5. The Court agrees with Mr. Wood and finds that he has stated a claim.

A claim for retaliation in violation of the First Amendment requires a plaintiff to demonstrate: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006). The threshold for establishing a First Amendment violation is low, requiring only a "de minimus" violation. See O'Connor v. City of Newark, 440 F.3d 125, 127-28 (3d Cir. 2006). Free speech rights under the New Jersey Constitution are generally interpreted co-extensively with free speech rights under the United States Constitution. See Borden v. School Dist. of Twp. of East. Brunswick, 523 F.3d 153, 164 n.5 (3d Cir. 2008).

Ronald Wood has alleged sufficient facts to satisfy this minimal basis. He alleges a free speech violation on the basis of his having hung a political banner and having been required to take it down under threat of state action. Pl. br. at 5. Putting out a political sign is indisputably

12

protected speech.  See City of Ladue v. Galleo, 512 U.S. 43, 48 (1994).  Whether the banner was his speech as opposed to his wife's speech is a question of fact not appropriately resolved here. Furthermore, as the jury concluded in the CFBL Suit, the Borough's action was sufficient to deter a person of ordinary firmness from engaging in political speech and the Borough's letter was related to that speech.[3]   Thus, Mr. Wood has stated a claim for free speech retaliation.

Therefore, the Defendants' summary judgment motion is denied as to Plaintiff Ronald Wood.

### E.     John Doe Public Officials #1-25

Plaintiffs have stated claims against John Doe Public Officials #1-25.  Under Federal Rule of Civil Procedure 21, "the court may at any time, on just terms, add or drop a party."  A court my drop John Doe defendants under this rule.  Adams v. City of Camden, 461 F. Supp. 2d 263, 271 (D.N.J. 2006).  Because Plaintiffs have failed to identify any unknown defendants, and because amended pleadings were due by October 2, 2008 (Docket No. 7), the Court dismisses the John Doe defendants.

## IV.    CONCLUSION

For the foregoing reasons, the Defendants' motion for summary judgment is **GRANTED** as to Plaintiff Alice Wood and **DENIED** as to Plaintiff Ronald Wood.  John Doe Public Officials #1-25 are **DISMISSED**.

---

[3] Though notably, the jury was not asked to decide whether the Borough's actions violated any of Mr. Wood's rights.

Dated:   9-28-2009                                                         /s/ Robert B. Kugler
                                                                    ROBERT B. KUGLER
                                                                    United States District Judge